**McWILLIAMS TRANSIT, Inc. v. THE GERD H. HENJES et al.**
**THE MACK.**

No. 16583.

District Court, E. D. New York.

May 18, 1943.

Bigham, Englar, Jones & Houston, of New York City (Charles A. Van Hagen, Jr., of New York City, of counsel), for libellant.

Purdy & Lamb, of New York City, for claimant.

GALSTON, District Judge.

On the night of February 14, 1942, the tug Gerd H. Henjes towed the barges Mack and William C. Rouse from Mill Basin, picking them up between 10 and 10:45 P. M. At that time the barges were arranged in tandem with the Rouse the head boat. The latter was consigned to the Pennsylvania stake boat off Ellis Island, and the former to the Edgewater coal dock in New Jersey. At the stake boat the Rouse was dropped off and the tow then proceeded up the North River with the Mack made fast to the tug on two stern lines about 30 or 35 feet in length, leaving approximately 25 feet between the stern of the tug and the bow of the Mack.

It appears that there had been ice in the Hudson River for a few days prior to February 14th, and the master of the tug who, I may say in passing, made an exceptionally good witness, said that he anticipated meeting ice on the trip up the Hudson to Edgewater. Actually they did not hit the ice until they were off the Weehawken shore.

The tug has a rounded stern. A fender about 10 feet in length and about 3 or 3½ feet in width, made of rope and rope ends with a mat outside of the fender, was suspended over the stern of the tug. According to Rydberg, the master of the tug, no part of the tug extended beyond the fender.

As the tow reached a point south of what is referred to as the Guttenberg coal dock, ice was encountered. The tow was proceeding about 500 or 600 feet off the New Jersey docks. The tide was the last of the ebb. The experience of the navigator was that heavier ice was encountered in the Hudson River in the middle and along the New York shore than along the New Jersey shore with an ebb tide. Up to the time that ice was encountered the tug was proceeding at full speed; thereafter the speed was reduced. There were three men on watch, the master, the engineer and the deck-hand. The last named was stationed

160

at the stern ready to handle the lines in the event of a sudden or sharp maneuver being necessary when encountering the big ice floes. In the judgment of the navigator in the circumstances prevailing, the deckhand was more likely to be of assistance at the stern than at the bow. It appeared that the tug was low and stationed at the bow on a dark night a lookout would not have been in as favorable position to see ahead as was the master who, at the wheel, stood seven or eight feet higher. As the ice floes were met the captain found it necessary sharply to port or starboard his helm, and that was done several times. Inasmuch as the ice got worse as they were proceeding, signals were given to reduce to the lowest possible speed. Over the ground at that time the tow was making about a mile or a mile and a half. The coal barge Mack was light at the time. Between two docks Rydberg ran into a large ice floe. It was about 5:30 in the morning and it was dark, and there were no shore lights. The tug settled in the ice and the barge having headway came up, riding on the tug. The floe was sizable, described as 150 feet in length across the river, and about 50 feet in length up and down the river. It would seem that the captain of the tug did everything he could to ease the situation. After he was stopped he signaled the engine room for half speed, and succeeded in pushing the floe and the tug proceeded slowly but still settled lightly in the ice. The slack on the stern lines was picked up after the barge had ridden up on the tug, but the lines parted after the half bell, and the barge finally struck mid-ship of the stern fender.

In this operation I cannot find that the tug was in any way negligent. See The Hercules, 2 Cir., 213 F. 615; The Bulley, 2 Cir., 266 F. 31; and Dittmar v. Sargent, 2 Cir., 277 F. 237. The bargee knew of the ice conditions before the tow was begun.

The libel will be dismissed. Findings of fact and conclusions of law will be filed concurrently herewith.